Judge Underwood
delivered the Opinion of the Court.
The Hardin county court, in October, 1818, levied one hundred dollars upon their county for the use of Gaither, being the compensation allowed him as county attorney. In December, 1830, Gaither moved the county court of Hardin for judgment against Slaughter, upon his official bond, who was high sheriff and collector of the county levy of 1818, for the above sum. The court dismissed *370 the motion. Two questions are now made for our decision. First. Is Gaither’s demand barred by lapse of time ? Second. If it be not, does the evidence shew that it has been satisfied or paid ?
First. The statute giving a county creditor remedy by motion, against the delinquent collector, does not prescribe any limitation. The act of 1796 u to reduce into one the several acts or parts of acts concerning limitations of actions,” contains no provision expressly embracing the case. Nor is there any principle known to us, upon which we could bring this case within the operation of that act. An action of debt founded on the collector’s official bond, would not be affected by lapse of time in any manner short of twenty years. The motion is only a diffident remedy, and we see no reason to restrict it to a period short of that which would allow an action of debt to be successfully prosecuted on the bond.
Second. The evidence is not sufficient to shew that the demand has been paid. There are circumstances which, in some minds, may excite suspicion, but they are too weak to shew that the debt has been paid. It was Slaughter’s duty to make satisfactory proof of payment. Offers of compromise amount to nothing. The witnesses ought not to have been permitted to state what they heard Samuel Martin say, unless it had been shewn, that Martin was at the time the owner of the accepted order. His statements after returning the order to Gaither amounted to nothing. He should have been introduced as a witness. The testimony of other witnesses as to what he said was no better than hearsay. Without commenting further on the character of the evidence, we deem it proper to reverse the judgment, with costs, and to remand the cause for a new trial.